NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4492
_____

UNITED STATES OF AMERICA

v.

GEORGE OYAKHIRE,
Also known as OLIVER OYAKHIRE

GEORGE OYAKHIRE,
                                        Appellant.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cr-00658-001)
District Judge: Hon. Stewart Dalzell

_____

Submitted under Third Circuit LAR 34.1(a)
June 20, 2011

Before: HARDIMAN and ALIDSERT, Circuit Judges, and RESTANI,* Int'l Trade Judge.

(Filed: June 21, 2011)

_____

OPINION OF THE COURT


ALDISERT, Circuit Judge.

_____

* Honorable Jane A. Restani, Judge of the United States Court of International Trade,
sitting by designation.

This appeal by George Oyakhire, a.k.a. "Oliver Oyakhire," requires us to decide whether the District Court for the Eastern District of Pennsylvania (1) committed plain error by instructing the jury that George's use of the alias "Oliver" could support an inference of consciousness of guilt, and (2) abused its discretion by admitting into evidence a summary exhibit of events selected from Oyakhire's alien files. We decide that there was no plain error in the jury instruction and the Court did not exceed its permissible discretion in admitting the exhibit. We will affirm.[1]

## I.

Because we write for the parties who are familiar with the facts and the District Court proceedings, we limit our discussion to explain only our reasoning.

In October 2009, a grand jury in the Eastern District of Pennsylvania indicted George Oyakhire and Leatha Taylor on one count of conspiracy to falsely assume or pretend to be an employee of the Social Security Administration, in violation of 18 U.S.C. § 371; one count of false personation of an officer or employee of the United States, in violation 18 U.S.C. § 912; and two counts of making false statements to government officials, in violation of 18 U.S.C. § 1001. Oyakhire was also charged with one count of making false statements in an application for a United States passport, in violation of 18 U.S.C. § 1542. Taylor pleaded guilty to the charges against her. Oyakhire proceeded to trial, a jury found him guilty on all charges, and the District Court sentenced him to 16 months' imprisonment.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Oyakhire contends that the District Court erroneously instructed the jury that his use of a false name could support an inference of consciousness of guilt, and that this error mandates a new trial. Because he did not object to the Court's instruction, we review it for plain error. E.g., United States v. Lee, 612 F.3d 170, 191 (3d Cir. 2010). An instructional error constitutes plain error if: "(1) the error is fundamental and highly prejudicial or if the instructions are such that the jury is without adequate guidance on a fundamental question and (2) our failure to consider the error would result in a miscarriage of justice." Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 612 (3d Cir. 2011) (quotations, modification, and citation omitted).

Throughout the trial, the government presented evidence that George Oyakhire used the name "Oliver Oyakhire" to conceal his identity and to fraudulently obtain legal resident status and ultimately citizenship. He challenges the following jury instruction:

> There has been evidence that the defendant may have used a false name. If you find that the defendant knowingly used a name other than his own in order to conceal his identity and to avoid identification, you may, but are not required to, infer that this shows consciousness of guilt on the part of the defendant. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of a crime for which he is charged. Whether or not evidence of the use of a false name shows the defendant's consciousness of guilt, and the significance, if any, to be attached to that evidence, are matters for you to determine.

Oyakhire did not object to this instruction, and does not claim on appeal that it misstates the law. Rather, he argues that the District Court committed plain error when it instructed the jury on consciousness of guilt because the use of a false name is inherent in the crimes charged against him.

3

We have stated that a factfinder may infer consciousness of guilt from a defendant's attempt to conceal his true identity by using an alias. See United States v. Levy, 865 F.2d 551, 558 (3d Cir. 1989) ("[T]he defendants' attempt to conceal their true identities by providing aliases to the police upon arrest is relevant as consciousness of guilt."). Oyakhire has not cited, nor has our research revealed, any legal support for his contention that this general precept does not apply where the crime charged involves the use of a false name. To succeed under plain error review, Oyakhire must show that "the error is clear under current law." United States v. Olano, 507 U.S. 725, 734 (1993); United States v. Clark, 237 F.3d 293, 298-299 (3d Cir. 2001). He has failed to meet this exacting standard. Accordingly, we conclude that the District Court did not commit plain error.

III.

Oyakhire also contends that the District Court exceeded its discretion by permitting the government to introduce at trial an exhibit summarizing information contained in the alien files of George Oyakhire and "Oliver Oyakhire." We review a district court's decision regarding admissibility of evidence for abuse of discretion. See United States v. Serafini, 233 F.3d 758, 768 n.14 (3d Cir. 2000).

Rule 611(a) of the Federal Rules of Evidence provides trial courts with "reasonable control over the mode . . . of . . . presenting evidence so as to . . . avoid needless consumption of time." Courts have interpreted the rule to allow trial courts, within their discretion, to admit summary exhibits to "clarify and simplify complex testimony or other information and evidence." United States v. Bray, 139 F.3d 1104,

4

1111 (6th Cir. 1998). Summary charts admitted in this manner may be used to highlight points favorable to a party's case, but they must be linked to evidence that previously has been admitted. United States v. Milkiewicz, 470 F.3d 390, 397-398 (1st Cir. 2006). Oyakhire conceded at trial that the government's exhibit summarized information that had been admitted properly into evidence. He has not claimed that any of the information in the exhibit was inaccurate, nor has he explained how he was prejudiced by the facts included in the chart. The summary was admissible under Rule 611(a). Accordingly, we hold that the District Court did not abuse its discretion in admitting the summary exhibit into evidence.

\* \* \* \* \*

We have considered all contentions presented by the parties and conclude that no additional discussion is necessary. The judgment of the District Court will be affirmed.