NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1035
_____

CHRISTINE ELICK,
Appellant

v.

FORD MOTOR COMPANY,
a foreign corporation

v.

ERICA FAJOHN
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-08-cv-01700)
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2011

Before:  RENDELL, AMBRO and NYGAARD, Circuit Judges

(Opinion Filed: November 18, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Christine Elick appeals from a judgment following a defense verdict in a jury trial in her personal-injury case against Ford Motor Co. For the following reasons, we will affirm.

## I.

Elick suffered a neck injury, and became paraplegic, when the 1994 Ford Explorer in which she was riding rolled over. The case proceeded to trial on a crashworthiness theory, with Elick arguing at trial that a defect in the car's seatbelt mechanism and Ford's failure to reinforce the roof to prevent roof crush in the event of rollover contributed to her injury. On a special verdict form, the jury found that "the 1994 Ford Explorer in which plaintiff Christine Elick was a passenger was defective when it left the control of defendant Ford Motor Company," but the defect was not "a substantial factor in bringing about the injuries to the plaintiff." The District Court accordingly entered judgment for Ford.

## II.

Elick raises two issues on appeal: (1) whether the jury instructions and verdict form misstated Pennsylvania law; and (2) whether the District Court abused its discretion in sustaining certain Ford objections to her roof structure expert's testimony.

## A.

Because Elick did not object to the jury instructions or verdict form at trial, we review the first issue for plain error. Fed. R. Civ. P. 51(d). Elick now asserts that the District Court did not adequately inform the jury that, in a crashworthiness case, the plaintiff needs only to prove that the defect enhanced her injuries (not that the defect caused the crash), and that the second question on the verdict form, "Do you find by a preponderance of the evidence that the defect was a substantial factor in bringing about the injuries to the plaintiff?" did not adequately reflect Pennsylvania law. After reviewing the jury instructions, the verdict form, and the Pennsylvania caselaw Elick cites, we cannot conclude that the District Court erred, let alone that it committed an error that was *plain*.

Under Pennsylvania law, a manufacturer or seller is liable on a crashworthiness claim "in 'situations in which the defect did not cause the accident or initial impact, but rather increased the severity of the injury over that which would have occurred absent the design defect.'" *Kupetz v. Deere & Co.*, 644 A.2d 1213, 1218 (Pa. Super. Ct. 1994) (citations omitted). Elick argues that the District Court ignored this point and that its instructions implied that she was required to establish that the vehicle's defect caused the crash. But the District Court's instructions stated the rule correctly, as follows: "A manufacturer or seller is liable in situations in which the defect did not cause the accident but, rather, caused the injury or increased the severity of the injury over that which would have occurred absent the design defect."

3

The question on the verdict slip, "Do you find by a preponderance of the evidence that the defect was a substantial factor in bringing about the injuries to the plaintiff?" also accurately reflected Pennsylvania law. In fact, that question is consistent with *Stecher v. Ford Motor Co.*, 812 A.2d 553 (Pa. 2003), a crashworthiness case in which the Pennsylvania Supreme Court implicitly affirmed jury instructions that "stated that a defendant's conduct is the legal cause of an accident whenever it appears that the defendant's conduct was a substantial factor in bringing about the injury." *Id.* at 555. Our conclusion in this regard is bolstered by the fact that the jury instructions, in addition to stating the general rule of liability correctly, also repeatedly, and correctly, explained that Ford could be held liable for Elick's "injuries or the enhancement of the injuries." The verdict slip, when considered together with the jury instructions, was not confusing.

*Harvey v. Plains Township Police Department*, 635 F.3d 606 (3d Cir. 2011), on which Elick seeks to rely, is readily distinguishable. In *Harvey,* the district court's instructions and verdict slip contained a single correct statement of the law, but the overall impression they left was incorrect, and they precluded the jury from properly analyzing the sole question in the case. *See id.* at 610-11. Here, by contrast, the jury instructions and verdict slip were correct in their entirety; Elick has not pointed to any single misstatement of the law, let alone demonstrated that, when read together and in context, the jury instructions and verdict slip somehow misled the jury.

Finally, we note that, in the context of this case, which was tried twice by experienced lawyers and in which causation was a "crucial" element of Elick's sole claim, it is difficult to believe that Elick's counsel could have overlooked what they now

4

contend was a fundamental legal error concerning the applicable causation standard. Instead, the fact that Elick did not object to the jury instructions or verdict slip at trial suggests to us that, at the time, her counsel did not perceive any inconsistency between the instructions and verdict slip, on the one hand, and Pennsylvania law, on the other. Simply put, this case is not a good candidate for "discretionary" plain-error review, which we "exercise[] sparingly" and "invoke[] with extreme caution in the civil context." *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 424 F.3d 336, 341 (3d Cir. 2005) (internal quotation marks omitted).

**B.**

Elick also argues that the District Court abused its discretion by sustaining some of Ford's objections to the rebuttal testimony of Steven Forrest, Elick's roof structure expert. Specifically, Elick contends that, by sustaining those objections, the District Court improperly prevented the jury from hearing Forrest's explanation for a purported flaw in his methodology: his failure to use dummies when he performed certain crash tests. Regardless of whether the District Court erred in sustaining the particular objections Elick cites, Elick has not demonstrated that the exclusion of the relevant testimony caused her any prejudice. Elick had numerous other opportunities to introduce, and did introduce, other testimony on the same subject: during cross-examination and on redirect, Forrest explained that it would not have made sense to use dummies during the particular type of test he conducted in connection with this case because they do not accurately reflect human injury, and Elick's expert on biomechanics, Brian Benda, also testified at length about the biofidelity of dummies, opining that dummies "do not

5

respond the way a human does in a rollover event." Under these circumstances, the District Court's exclusion of additional testimony concerning Forrest's decision not to use dummies in his crash tests does not provide a basis for reversing the jury's verdict.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.