**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 14-4753 & 15-1004

AARON L. BELL

                              Appellant in 15-1004

v.

CITY OF PHILADELPHIA;
POLICE OFFICER DAVID O'CONNOR, Badge #9846;
POLICE OFFICER COLIN GOSHERT, Badge # 3210, In their personal capacities,
                    Appellants in 14-4753

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-02625)
District Judge: Honorable Gene E. K. Pratter

Submitted Under Third Circuit LAR 34.1(a)
October 7, 2015

Before: McKEE, Chief Judge, AMBRO, and HARDIMAN, Circuit Judges

(Opinion filed:  October 22, 2015)

OPINION[*]

AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Plaintiff Aaron L. Bell alleged that Defendants City of Philadelphia and Police Officers David O'Connor and Colin Goshert violated his Fourth Amendment rights. Bell brought claims for an illegal stop, false arrest, illegal search, malicious prosecution, and municipal liability against the Officers and the City. After a three-day jury trial at which Bell represented himself, the jury found for Bell on his false arrest, illegal search, and municipal liability claims and awarded him $100,000 in compensatory damages from all defendants and $1,000 in punitive damages from the officers. The jury found for Officers O'Connor and Goshert on the illegal stop and malicious prosecution claims. After both parties filed post-trial motions, the District Court set aside the jury's verdict on the municipal liability claim and otherwise left the verdict intact. Officers O'Connor and Goshert, along with Bell, have appealed from the District Court's order.[1] We will affirm.

I.

On August 5, 2010, Officers O'Connor and Goshert stopped Bell while driving and searched Bell's person and the car. The officers found a loaded Glock .357 handgun in the car and arrested Bell, who had a prior felony conviction. The gun belonged to Bell's friend who had borrowed Bell's car that day. Bell was charged with carrying a firearm without a valid license and being a felon in possession of a firearm. After 431 days in custody awaiting trial, Bell was acquitted of all charges.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

## II.

We review the District Court's jury instructions for plain error because defendants did not object to the instructions at trial. *Harvey v. Plains Township Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). We exercise plenary review of the District Court's granting a motion for judgment as a matter of law. *In re Lemington Home for the Aged*, 777 F.3d 620, 626 (3d Cir. 2015). And we review the District Court's decision on a motion for a new trial for abuse of discretion. *Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 453 (3d Cir. 2001).

## III.

In the officers' appeal, they argue that the jury instructions on compensatory damages amount to plain error because the District Court instructed the jury to consider items of damages that were not recoverable. They assume (and ask us to assume) that the jury based its $100,000 award of compensatory damages on the reasonable value of legal services Bell expended in defending against the criminal charges and the reasonable value of each day of Bell's confinement while awaiting trial. The officers argue these items of damages were only recoverable for the malicious prosecution claim that the jury rejected and thus ask us to vacate the jury's award and remand for a new trial on damages.

"Under the discretionary plain error standard, we will reverse the trial court only where a plain error was 'fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice.'" *Franklin Prescriptions, Inc. v. New York Times*

3

*Co.*, 424 F.3d 336, 339 (3d Cir. 2005) (quoting *Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 136 (3d Cir. 1997)).  We find no plain error in the District Court's instructions on compensatory damages.  The instructions tracked our Model Civil Jury Instructions § 4.8.1 and each item of damages mentioned was related to at least one claim that was submitted to the jury.

The officers nonetheless argue that the District Court should have specified which items of damages were recoverable for each claim.  They cite no authority for such a requirement in a § 1983 case and the District Court did not plainly err in this regard.  The officers also argue that the instructions were erroneous because the malicious prosecution claim never should have been submitted to the jury.  They never raised this argument in their Rule 50 motion made at the close of Bell's case.  *See* Fed. R. Civ. P. 50(a)(2) (motion for judgment as a matter of law "must specify the judgment sought and the law and facts that entitle the movant to the judgment").  In any event, judgment as a matter of law was not warranted because disputed facts existed as to whether there was probable cause to support Bell's prosecution.

In Bell's cross-appeal, he argues that the District Court erred (1) in granting the City's motion for judgment as a matter of law on the municipal liability claim and (2) in denying his motion for a new trial on his illegal stop and malicious prosecution claims.

First, to prevail in his municipal liability claim, Bell had to establish that: (1) the City had a policy or custom that deprived him of his constitutional rights; (2) it acted deliberately and was the moving force behind the deprivation; and (3) Bell's injury was caused by the identified policy or custom.  *Monell v. Dep't of Soc. Servs. of City of New*

4

*York*, 436 U.S. 658, 690–92 (1978). We enter judgment as a matter of law "only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief." *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 249 (3d Cir. 2001) (internal quotations omitted). The jury's verdict on Bell's municipal liability claim was properly vacated because Bell failed to present evidence to establish a policy or custom that deprived him of his rights.

Bell argues that he presented evidence of a policy or custom because the City had been deliberately indifferent to a prior pattern of similar Fourth Amendment violations by Officer O'Connor. The parties stipulated that the City was aware of one lawsuit and six complaints against Officer O'Connor alleging illegal searches between 2009 and 2013. But Bell failed to present evidence to substantiate the allegations, and a reasonable jury could not infer a policy or custom from the mere fact that similar complaints were made in the past against Officer O'Connor. *See Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990). Alternatively, Bell argues that the City adopted a policy when it accepted the findings of a police lieutenant who recommended dismissing the Internal Affairs complaint Bell filed against Officers Goshert and O'Connor. This alleged policy post-dates Bell's arrest, however, and thus could not have caused his constitutional injuries.

Second, the District Court did not abuse its discretion in denying Bell's motion for a new trial on the illegal traffic stop and malicious prosecution claims. "[T]he district court ought to grant a new trial on the basis that the verdict was against the weight of the evidence only where a miscarriage of justice would result if the verdict were to stand." *Klein v. Hollings*, 992 F.2d 1285, 1290 (3d Cir. 1993).

5

To show an illegal traffic stop, Bell needed to show that the officers lacked a reasonable suspicion that Bell had violated a traffic ordinance. *See United States v. Delfin-Colina*, 464 F.3d 392, 396–97 (3d Cir. 2006). The officers testified that they stopped Bell because he was missing a registration sticker on his license plate that Pennsylvania law requires. The jury was entitled to credit this testimony and conclude that the officers had a reasonable suspicion to support the traffic stop. Bell argues that no rational jury could have found reasonable suspicion here because Officer O'Connor's initial report stated that he stopped Bell for an unlawful plate display. In his testimony, Officer O'Connor maintained that the notation was a mistake. Again, the jury was entitled to credit this testimony.

A malicious prosecution claim requires showing that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). Bell claims that no reasonable jury could have found probable cause because the jury found in his favor on the false arrest and illegal search claims. As the District Court explained, there was evidence before the jury that Bell constructively possessed the firearm and the jury's verdict on the false arrest and illegal search claim was not necessarily inconsistent with a finding of probable cause.

6

## IV.

For the foregoing reasons, we will affirm the ruling of the District Court.