**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2632
_____

TYRONE GREEN,
                                                   Appellant

v.

RAYMOND BURKHART; DANIEL PACK; JOHN HAGERTY; JOHN DILARA; W.D.
COLE; OBERLANDER; J.A. HORTON; DOCTOR ABRAHAM; LT. MURIN; S.
ZIMMER; MS. SIEGEL; SUPT. OVERMYER; MS. CROWTHERS; JOHN GILARA;
JOHN CHILES; PAUL ENNIS, All Sued In Their Individual Capacity; CHERNOSKY;
C/O MILLER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-14-cv-00159)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2019

Before:  GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed: April 9, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Tyrone Green, a prisoner proceeding pro se, appeals the District Court's final judgment in this 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. For the reasons we detail below, we will affirm in large part, but vacate the District Court's judgment to the extent that it dismissed one of Green's claims for failure to exhaust available administrative remedies and remand for further proceedings as to that claim.

In Green's operative third amended complaint, he alleged that more than a dozen prison employees violated his constitutional rights by retaliating against him in numerous ways (primarily by destroying his property), failing to protect him from being assaulted by other inmates, and providing him with inadequate medical care. The District Court, approving and adopting a Magistrate Judge's report and recommendation, granted summary judgment to the defendants on several of the claims. See D.C. dkt. #127. Then, after an evidentiary hearing, the Court dismissed two other claims on the ground that Green had failed to exhaust his administrative remedies. See D.C. dkt. #171.

The case proceeded to trial on two types of claims: (1) that defendants Stephen Haggerty, Mark Gilara, Raymond Burkhart, and Daniel Pack retaliated against Green for filing prison grievances by destroying or confiscating various items of his property; and (2) that defendants Gregory Chiles and John Chernosky failed to protect him from being assaulted. The jury found in the defendants' favor, with one exception: it concluded that

Haggerty had engaged in unconstitutional retaliation and it awarded Green $300 in compensatory damages.  Green now appeals, raising a variety of arguments.

First, Green argues that the District Court violated the law-of-the-case doctrine by declining to impose sanctions against the defendants for losing or destroying a box of his legal materials.  We are not persuaded.  Early in the case, Green filed a motion for spoliation sanctions, and, after a hearing, a Magistrate Judge granted the motion in part and denied it in part.  The Magistrate Judge generally accepted that the box had been lost but did not attempt to identify its contents or impose a sanction.  Instead, it provided that, on a case-by-case basis throughout the action, Green could describe to the Magistrate Judge any document that he needed that had been within the box and the Magistrate Judge would then decide on the appropriate remedy.  See D.C. dkt. #223 at 11.

Contrary to Green's argument, the District Court did not "fail[] to enforce" this order, Br. at 9; instead, the Court did consider in each instance how to handle allegations from Green that the defendants had destroyed documents that were important to his case. While Green seems to believe that he was entitled to some blanket sanction, we conclude that the Court acted consistently with the Magistrate Judge's order, see generally WRS, Inc. v. Plaza Entm't, Inc., 402 F.3d 424, 428 (3d Cir. 2005) (we grant "great deference . . . to a district court's interpretation of its own order)," and did not violate law-of-the-case principles, see generally Roberts v. Ferman, 826 F.3d 117, 126 (3d Cir. 2016).

Green also argues that the District Court excluded claims from trial that had survived summary judgment. We disagree. Two of the claims he mentions—that the defendants were deliberately indifferent to his safety and that they retaliated against him by destroying his property—did, in fact, go to trial. See D.C. dkt. #232 (verdict sheet). Further, at trial, Green was permitted to interrogate Gilara about an alleged false misconduct report that he claimed facilitated the confiscation of his property. See July 18, 2017 N.T. at 91-92 (dkt. #250). Finally, we interpret the District Court's order granting summary judgment in part to the defendants to have covered the other claims that Green identifies. The Court's opinion, in trying to bring order to Green's sprawling complaint, identified the specific paragraphs of the complaint on which it was granting judgment to the defendants, which included the paragraphs objecting to his cell placement, see D.C. dkt. #127 at 5, and the alleged lack of investigation after he was assaulted, see id. at 7. Thus, we are satisfied that the District Court properly addressed each claim, and Green has presented no challenge to the substance of either the summary-judgment decision or the jury's verdict.

Next, Green argues that the District Court erred by refusing to use his proposed jury instructions. This argument also lacks merit. Green does not contend that the District Court erroneously described the law. See generally Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 612 (3d Cir. 2011) ("A jury instruction, taken as a whole, must inform the jury of the correct legal standard."). Rather, he seems to believe that the Court should have provided the jury with a more fulsome summary of the evidence that had

4

been presented. However, "a trial judge has broad discretion concerning the particular language used," Tigg Corp. v. Dow Corning Corp., 962 F.2d 1119, 1124 (3d Cir. 1992), and the Court did not abuse that discretion here by declining to sum up the evidence, see Douglas v. Owens, 50 F.3d 1226, 1233 (3d Cir. 1995) ("No litigant has a right to a jury instruction of its choice, or precisely in the manner and words of its own preference."); United States v. Mundy, 539 F.3d 154, 159 (2d Cir. 2008) ("Today, marshaling of evidence is rarely practiced in federal court.").

Green also argues that the District Court should have sanctioned the defendants for what he argues were misstatements that they made at trial. However, he did not ask the District Court to sanction the defendants for these statements, and we typically refuse to consider issues raised for the first time on appeal. See, e.g., Shell Petroleum, Inc. v. United States, 182 F.3d 212, 219 (3d Cir. 1999); Amphastar Pharm. Inc. v. Aventis Pharma SA, 856 F.3d 696, 708 (9th Cir. 2017). We see no reason to depart from that general rule here both because the District Court was in the best position to determine the proper response, see generally Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 137 (3d Cir. 2009), and because Green was able to make use of these matters as impeachment, see generally Montano v. City of Chi., 535 F.3d 558, 566-67 (7th Cir. 2008).[1]

---

[1] At the end of his brief, Green lists numerous additional alleged errors without providing any argument or elaboration. Green has waived these issues by failing to develop them. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and

5

Finally, we turn to the District Court's ruling concerning administrative exhaustion. Under the Prison Litigation Reform Act, a prisoner must exhaust all "available" administrative remedies prior to bringing suit. 42 U.S.C. § 1997e(a). There is no dispute here that Green did not fully exhaust two claims—that the defendants retaliated against him for filing grievances by (a) not giving him copies of request slips he requested from the library, and (b) denying him a promotional transfer—because he did not take the necessary appeals. See Woodford v. Ngo, 548 U.S. 81, 93 (2006) (concluding that "the PLRA exhaustion requirement requires proper exhaustion" in compliance with the system's procedural rules). However, Green argues that an appeal was not "available" because he was required to submit copies of the decisions denying the grievances and those copies were in the legal box that the defendants had destroyed. See generally Ross v. Blake, 136 S. Ct. 1850, 1859-60 (2016) (discussing when administrative remedies are "available").

The District Court rejected Green's argument as to claim (a) concerning his request slips because the prior-level grievance was not denied until August 13, 2014—nearly after a month after he lost his legal box on July 17, 2014. The District Court therefore did not err in concluding that, in these circumstances, prison officials did not prevent Green from exhausting. See generally Small v. Camden County, 728 F.3d 265,

for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (quotation marks, alteration omitted); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

270-71 (3d Cir. 2013) (discussing district courts' authority to decide disputed factual issues); cf. Rinaldi v. United States, 904 F.3d 257, 267 (3d Cir. 2018) (administrative remedies are not available because "officials in the security department of the prison thwarted his efforts to exhaust his administrative remedies" (quoting Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002)).

We reach the opposite conclusion as to Green's claim (b) concerning promotional transfer. As the District Court acknowledged, that grievance was denied on July 14, 2014, and thus Green's copy could, as he alleged, have been kept in his missing legal box. The District Court nevertheless concluded that Green had not substantially complied with the grievance procedures because, upon receiving a new copy of the grievance during discovery in this case, he did not then attempt to file an appeal.[2] However, by the time he received this new copy—during the pendency of this case—it was too late for him to exhaust because exhaustion must be completed before the federal action is filed. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). Thus, we conclude that the District Court erred in concluding that an administrative appeal was available to Green because he could have filed an appeal after instituting the federal action. See Goebert v. Lee County, 510 F.3d 1312, 1324 (11th Cir. 2007) ("an

---

[2] Green did take this suggested approach for ten other grievances and filed appeals after receiving the copies in discovery. Each of these appeals was denied as untimely. At an evidentiary hearing, a grievance officer testified that by that time, it was far too late for Green to obtain an extension. See D.C. dkt. #248 at 23-24.

7

administrative remedy that is unavailable until after the lawsuit is filed is not an available remedy within the meaning of § 1997e(a)'s exhaustion requirement").[3]

Accordingly, we will affirm the District Court's judgment in full, with one exception: we will vacate the Court's ruling that Green failed to exhaust his claim concerning the defendants' allegedly retaliatory denial of promotional transfer and will remand that claim only for further proceedings.

---

[3] The District Court appears to have accepted Green's allegations that his copy of the grievance denial was located in his missing legal box and that he needed that copy to file an appeal. We will likewise accept those conclusions for purposes of this appeal, but note that our decision does not prevent the District Court from reconsidering those issues—or considering any other defenses, whether concerning exhaustion or otherwise, that the defendants may possess as to this claim.