DLD-087                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2941
_____

STEVEN MELEIKA,
                                    Appellant

v.

INSTAGRAM
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 2:21-cv-16720)
District Judge:  Honorable Kevin McNulty
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 17, 2022
Before:  KRAUSE, MATEY and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: March 14, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven Meleika appeals pro se from the District Court's dismissal of his amended complaint after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons that follow, we will summarily affirm the District Court's judgment.

In September 2021, Meleika filed a complaint in the District Court, seeking millions of dollars in damages against Instagram. The District Court screened Meleika's complaint and concluded that he failed to state a claim under 42 U.S.C. § 1983, which was the only legal basis for relief identified by Meleika. Meleika's complaint alleged, in its entirety, that Instagram allowed companies to sponsor content as a marketing tactic. The District Court dismissed Meleika's complaint but granted him leave to amend.

Meleika responded by filing a brief, which the District Court liberally construed as an amended complaint. This document claimed that Instagram had violated Meleika's civil rights, suggesting that Instagram needed to pay him for unidentified sponsorships. He included dozens of screenshots of posts on Instagram without any explanation of their significance. The District Court screened and dismissed this complaint as well after concluding that Meleika failed to state a claim, again permitting Meleika an opportunity to amend his complaint. The District Court stated that if Meleika did not file an amended complaint by the 30-day deadline, its order would automatically convert to a dismissal with prejudice. Meleika did not amend his complaint again, instead filing a notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Fed. R. App. P. 4(a)(2); Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019). We construe Meleika's allegations liberally and exercise plenary review over the District Court's dismissal of his operative complaint for failure to state a claim. See Allah v. Seiverling,

229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Meleika cannot state an action under § 1983 where he has not alleged a violation of his constitutional rights by a person acting under color of state law. See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011). He named only Instagram, a private company, as a defendant, and did not explain how he has been wronged beyond vaguely alleging, at best, that unidentified sponsorship payments have somehow been withheld from him. He included no further factual allegations. Meleika received several opportunities to amend his complaint but chose to pursue this appeal rather than amending his complaint again. His complaint was appropriately dismissed.

Accordingly, we will affirm the District Court's judgment.[1]

---

[1] We also deny Meleika's "Amended Brief," which has been construed as a motion for summary action.