**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1203
_____

JAMES E. ROSE, JR., Reverend,
                                        Appellant

v.

SHANNON TYNDALE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:22-cv-04573)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 26, 2023

Before: JORDAN, CHUNG, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 28, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James E. Rose, Jr., appeals pro se from an order of the District Court dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  For the following reasons, we will affirm.

In November 2022, Rose filed a civil rights action pursuant to 42 U.S.C. §§ 1985, 1986, and 1988 against Defendant Shannon Tyndale.  Rose's claims of discrimination stem from his belief that Tyndale reported him to the County of Lehigh Office of Children and Youth Services for child abuse and neglect in retaliation for his decision not to hire Tyndale as a tutor for his minor son.  On January 18, 2023, the District Court dismissed the complaint sua sponte for failure to state a claim.  Finding that amendment would be futile, the District Court denied leave to amend.  Rose appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's sua sponte dismissal of the complaint is plenary.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We review the District Court's denial of leave to amend for abuse of discretion, although we review de novo the determination that amendment would be futile.  U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

In his brief, Rose argues that the District Court erred by dismissing the case before the defendant was served.  Rose is incorrect.  The District Court dismissed the case after screening Rose's complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B) and determining that he had failed to state a claim.  These statutes

authorize pre-service screening of complaints by litigants proceeding in forma pauperis. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 n.15 (3d Cir. 2002).

We discern no error in the District Court's dismissal of Rose's complaint. Regarding his claims under §§ 1985 and 1986, statutes that relate to conspiracies to interfere with the civil rights of others, the complaint failed to state a claim for relief. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997) ("[I]n order to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."). Rose's complaint is devoid of any allegation that Tyndale conspired with anyone to discriminate against Rose. Such a failure to "assert facts from which a conspiratorial agreement can be inferred" is fatal to his § 1985 claim. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010); see also Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184–85 (3d Cir. 2009) (stating that, "the rule is clear that allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action"). Additionally, as the District Court held, even if Rose had alleged the formation of a conspiracy, he failed to plausibly allege that Tyndale's actions were motivated by any racial or class-based discriminatory animus. See Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) ("[A] claimant must allege 'some racial, *or perhaps otherwise class-based*, invidiously discriminatory animus behind the

3

conspirators' action' in order to state a [§ 1985] claim.") (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)) (emphasis in original). Notably, Rose explicitly indicated that Tyndale's "actions were a retaliatory and vindictive tactic because, [Rose] did not select [Tyndale] for the open position teaching [Rose's] son." Appellant's Complaint, Dkt No. 2, at ¶ 40; see also id. at ¶¶ 41, 50. He did not, however, allege that race or similar classification motivated Tyndale's actions. Because Rose did not state a claim under § 1985, his claim under § 1986, which creates a cause of action against any person who neglects to prevent a conspiracy under § 1985, also fails. See Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980).

Rose's claim under § 1988 also fails because § 1988 does not provide an independent cause of action. See Moor v. County of Alameda, 411 U.S. 693, 702 (1973). As a result, this claim was properly dismissed.

The District Court additionally correctly concluded that, to the extent that Rose's claims could be construed to allege claims under §§ 1981 and 1983, he has failed to state a claim. Specifically, Rose failed to allege intentional racial discrimination, see Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001), and failed to plausibly allege facts demonstrating that Tyndale was acting under color of state law, see Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011).

Finally, we agree with the District Court's determination that amendment here would be futile and therefore the District Court properly dismissed the complaint with prejudice.

For these reasons, we will affirm the judgment of the District Court.

4